IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| James Dalton Bell, | ) | |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, Department of Justice, Federal Bureau of Prisons, United States Attorney General, | ) ) ) | Case No. 1:07-cv-099 |
| | ) | |
| Respondents. | ) | |

_____

Before the court is an application to proceed *in forma pauperis* filed by the petitioner, James Dalton Bell ("Bell"), on February 8, 2008. Chief Judge Hovland has referred the application to the undersigned for preliminary consideration. For the reasons set forth below, the undersigned recommends that the application to proceed *in forma pauperis* be denied and that Bell's petition be dismissed.

I.   **BACKGROUND**

Bell is incarcerated in a United States Prison in Tuscon, Arizona. He initiated the above-entitled action on December 13, 2007, by lodging a pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. He states that he is filing his " 'Great Writ' habeas corpus on behalf of ALL current and past federal prisoners (since 1948) whose cases originated in, or who are located within the jurisdiction of, this judicial court." He also states that he is filing a "F.R. Civ. P. 60(b)(4) ('judgment if void') motion as "Next Friend" for persons no longer incarcerated, thus bringing an 'error corum nobis action." The gist of his claim is as follows:

> [N]umerous federal criminal statutes supposedly existing since 1948 in Title 18 United States Code did not and do not exist in that Title, due to a defect in the passage of a Congressional bill, H.R. 3190, in 1948. In addition, the same defective passage resulted in the non-existence of statute 18 U.S.C. § 3231, which purportedly gives federal courts jurisdiction over all federal crimes in each Title, not merely Title 18. The non-existence

1

of 18 U.S.C. § 3221 means that federal courts do not possess general criminal jurisdiction over ANY federal criminal statute.

It appears that he has filed identical or similar petitions in at least seventeen other judicial districts. See e.g., Bell v. United States, No. CIV 08-052-JHP2, 008 WL 450467 at *1 (E.D. Okla. Feb. 15, 2008).

Bell has not paid the $5.00 filing fee in this district. He has filed what is captioned as a application to proceed *in forma pauperis*. Therein he states that he has the money to pay the filing fee but that prison staff refuses to forward the filing fees. His ability to pay the filing fee is academic at this point, however, because this court lacks jurisdiction over his petition.

## II.     DISCUSSION

Claims asserted by a prisoner who challenges the legality of his sentence must be filed by motion under 28 U.S.C. § 2255 in the district that imposed the sentence. In contrast, claims challenging the execution or manner in which a sentence is served must be made by petition pursuant to 28 U.S.C. § 2241 and filed the district where the prisoner is confined. Bell was not sentenced by this court and is not confined in this district. If Bell actually has some claims concerning the lawfulness of his detention or the execution of his sentence that are actionable under § 2241, he may submit such a petition to the United States District Court in Arizona with jurisdiction over the prison where he is currently housed. If he wishes to challenge the lawfulness of his criminal conviction or sentence, he may pursue a § 2255 motion in the district court in which he was sentenced. This court, however, lacks jurisdiction over either of these habeas claims. Furthermore, Petitioner lacks standing to represent "all current and past federal prisoners" or "persons no longer incarcerated." See Whitmore v. Arkansas, 495 U.S. 149, 163 (1990).

A petitioner seeking to proceed as a "next friend" must establish the propriety of his status and thereby justify the court's jurisdiction. Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). Specifically, he must first provide an adequate explanation–such as inaccessibility, mental incompetence, or other disability–why the real party in interest cannot appear on his own behalf to prosecute the action. Id.

Second, he must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate. Id. It has been further suggested that he must have some significant relationship with the real party in interest. Id. Bell cannot meet any of this criteria. And he has provided this court with nothing to justify this court's jurisdiction.

### III.    CONCLUSION AND RECOMMENDATION

The undersigned **RECOMMENDS** that Bell's application to proceed *in forma pauperis* (Docket No. 5) be **DENIED** and his petition **DISMISSED**. The undersigned further **RECOMMENDS** that: (1) the court certify that an appeal from the denial of this action may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith; and (2) a certificate of appealability not be issued with respect to any of the issues raised by Bell.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken.

Dated this 7th day of March, 2008.

>    */s/ Charles S. Miller, Jr.*
>    Charles S. Miller, Jr.
>    United States Magistrate Judge