**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | |
|---|---|
| James Dalton Bell, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>United States of America, Department of )<br>Justice, Federal Bureau of Prisons, United )<br>States Attorney General, )<br>)<br>Respondents. ) | **ORDER ADOPTING**<br>**REPORT AND RECOMMENDATION**<br><br><br><br>Case No. 1:07-cv-099 |

_____

On February 8, 2008, the petitioner, James Dalton Bell, filed a petition under 28 U.S.C. § 2241 for a writ of habeas corpus. Magistrate Judge Charles S. Miller, Jr. reviewed Bell's petition and pleadings and submitted a Report and Recommendation on March 7, 2008. See Docket No. 8. Judge Miller recommended that Bell's petition be denied because the Court lacks jurisdiction. Bell was given ten (10) days to file an objection to the Report and Recommendation. On March 18, 2008, Bell filed an objection. See Docket No. 9.

Bell contends that the Report and Recommendation is incorrect because Bell has established the propriety of his status as "next friend" so that he may proceed in a habeas petition on behalf of all of the federal prisoners (or former federal prisoners) currently detained in, or whose case originates in, the State of North Dakota. Bell argues that because he is a federal inmate incarcerated in Tuscon, Arizona and does not have the ability to communicate with the prisoners in North Dakota, they are inaccessible to him as is required to obtain "next friend" status. Bell has misinterpreted the requirements to achieve "next friend" status. To proceed as "next friend," the real party in interest must not have access to the court to appear on his own behalf to prosecute the action. Whitmore v. Arkansas, 495 U.S. 149, 163 (199). It is contrary to all logic to permit Bell to prosecute an action as "next friend" on behalf of prisoners in North Dakota with whom he

admittedly has no contact.  The Court finds that Bell has not established the requisite grounds to proceed with a habeas petition as a "next friend."

Bell also argues that his petition "is a class action habeas and not merely a habeas."  See Docket No. 9, p. 3.  He argues that, as a class action habeas petition, "next friend" standing is not required.  The record clearly reveals that Bell's petition is not a class action under Rule 23 of the Federal Rules of Civil Procedure.

The Court has carefully reviewed the Report and Recommendation, relevant case law, and the entire record and finds the Report and Recommendation to be persuasive.  Accordingly, the Court **ADOPTS** the Report and Recommendation (Docket No. 8) in its entirety and **DENIES** Bell's petition for writ of habeas corpus by a person in state custody (Docket No. 5).  The Court certifies that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.  The Court will not grant a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 20th day of March, 2008.

>     */s/  Daniel L. Hovland*
>     Daniel L. Hovland, Chief Judge
>     United States District Court